{¶ 18} With respect to the second assignment of error, I concur with the judgment and analysis of the majority. On the first assignment of error, I must respectfully dissent. The majority acknowledges this is a "doubtful or marginal" case. Nevertheless, they feel the matter should be resolved in favor of upholding the warrant. I respectfully disagree.
 {¶ 19} "The Fourth Amendment to the United States Constitution requires warrants to be issued on a showing of probable cause. When determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, a judge or magistrate must make a `practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' Illinois v. Gates (1983), 462 U.S. 213, 238,76 L. Ed. 2d 527, 103 S. Ct. 2317. When reviewing a search warrant, trial and appellate courts are to determine whether the judge or magistrate had a substantial basis for concluding that probable cause existed for the warrant to be properly issued. Id. In reviewing the warrant and its supporting affidavit, trial and appellate courts should accord great deference to the judge's or magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. State v. George (1983), 45 Ohio St. 3d 325,544 N.E.2d 640, paragraph two of the syllabus, citing Illinois." Statev. McNamee (2000), 139 Ohio App.3d 875.
 {¶ 20} In this case, the only facts presented that would support probable cause were the claims by an unspecified number of neighbors that drug trafficking was taking place at the residence. These miscellaneous complaints identified Pillar and provided police with his home and cell phone numbers. Further, an unspecified amount of police surveillance "over a six-week period" described "moderate vehicle and pedestrian traffic" at the residence. Lastly, Pillar was identified as having a prior conviction for drug trafficking.
 {¶ 21} The "trash pull" outlined in the warrant did not implicate Pillar. No documents related to him were found with the bags that contained drug residue. The personal papers of a downstairs tenant were found in that bag. Further, no "controlled buy" or confidential informant was used to support the citizen complaints or police observations.
 {¶ 22} Although the facts here support a reasonable articulable suspicion of drug activity, they do not support probable cause. I am cognizant that police do not need to have a controlled buy, nor do they necessarily need specific information from a confidential reliable informant, to obtain a search warrant for a residence. Further, the complaining neighbors do not have to be personally identified. Nevertheless, some specific facts supporting the warrant must be developed and stated to establish probable cause. In the absence of specificity, a warrant such as this is inadequate to justify the search of a residence.